IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| MOSHE LEICHNER, <br> Institutional I.D. #21644-112, | § <br> § <br> § | |
| Plaintiff, | § <br> § | |
| v. | § <br> § | Civil Action No. 1:11-CV-230-BL |
| UNITED STATES OF AMERICA, *et al.*, | § <br> § <br> § | |
| Defendants. | § | Assigned to U.S. Magistrate Judge |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Plaintiff Moshe Leichner, an inmate currently housed at Federal Correctional Institution (FCI) Englewood, proceeding *pro se*, filed his original complaint on December 5, 2011. He alleged that while he was incarcerated at FCI Big Spring, several individual and institutional defendants were negligent and violated his constitutional rights relating to his medical care.

After reviewing the relevant filings, including Leichner's responses to a court ordered questionnaire, this court dismisses Leichner's claims against all defendants as frivolous.

### I. BACKGROUND

Leichner arrived at FCI Big Spring in March of 2008 with a history of heart stent placements. In April of 2010, medical staff at FCI Big Spring, and Manish Shroff, M.D., a contract physician at a medical center outside the prison, evaluated Leichner and conducted a battery of tests, including stress tests. When one stress test yielded abnormal results, all examining doctors opined that Leichner should undergo a cardiac catheterization. Dr. Shroff performed the catheterization procedure on August 2, 2010. Based on the results, Dr. Shroff recommended a stent be placed. On August 7, 2010, Raja Naidu, M.D., a contract cardiologist,

performed the stent procedure. Dr. Naidu reported that after the surgery there was a brief decrease in flow to the bifurcating diagonal branch, which quickly improved. Dr. Naidu also reported good angiographic results and discharged Leichner the day after the procedure in good condition.

On August 13, 2010, Leichner complained of chest pain to FCI Big Spring medical staff. The staff examined him and ordered an EKG, which yielded normal results. FCI Big Spring staff nonetheless transported Leichner to a local contract hospital for a second opinion. There, Dr. Shroff again performed a cardiac catheterization and conducted independent testing, which yielded normal results. Leichner voiced to Dr. Shroff that he wanted a bypass rather than a stent. Dr. Shroff noted that a bypass was unnecessary; he said there was nothing "which can be bypassed or which requires bypass." Dr. Shroff prescribed a course of treatment including medication.[1] Dr. Shroff discharged Leichner on August 18, 2010, noting that since his first stent procedure, Leichner's signs had been positive and he was stable. Leichner underwent follow up EKG testing at FCI Big Spring on November 12, 2010, December 6, 2010, and December 9, 2010, all revealing normal results.

The thrust of Leichner's claim before the court is that he wanted a bypass procedure rather than a stent. He claims the doctors' failure to perform the surgery was medical malpractice and negligence, giving rise to *Bivens* claims against the doctors and Federal Tort Claims Act (FTCA) claims against the United States. Leichner then seems to attempt to impose liability upon the national Bureau of Prisons (BOP) Director and Keren Edenfield, warden of FCI Big Spring, via *respondeat superior*. See *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971); 28 U.S.C. § 1346, *et seq*.

---

[1] The record shows that Leichner has occasionally stopped taking physician-prescribed medications, claiming they give him headaches.

## II. ANALYSIS

### A. FTCA

The United States is amenable to suit if it expressly consents, via a waiver of immunity. *See, e.g., United States v. Dalm*, 494 U.S. 596, 610 (1990); *United States v. Testan*, 4224 U.S. 392, 399 (1976). The United States has waived certain tort immunity under the FTCA. 28 U.S.C. § 1346, *et seq*. The FTCA allows recovery for injury caused by a federal employee acting in the scope of employment where the United States, if a private party, would be liable under the laws of the jurisdiction where the alleged acts or omissions took place. *Id.*; *see also Galvin v. OSHA*, 860 F.2d 181 (5th Cir. 1988) (the United States is the only proper defendant in an FTCA claim). However, "[t]he FTCA's waiver of sovereign immunity does not extend to negligent acts of independent contractors." *Lopez-Heredia v. Univ. of Tex. Med. Branch Hosp.*, 240 F.App'x 646, 647 (5th Cir. 2007) (per curium) (unpublished); *accord Linkous v. United States*, 142 F.3d 271 (5th. Cir. 1998). Accordingly, the acts of Drs. Shroff and Naidu, independent contractors at the Scenic Mountain Medical Center and the Odessa Regional Medical Center, respectively, cannot form the basis of an FTCA claim against the United States. *Lopez-Heredia*, 240 F.App'x at 647; *Linkous*, 142 F.3d at 257–77. This fact ultimately proves fatal to Leichner's FTCA claim because his claims before the court primarily concern his dissatisfaction with the acts of Drs. Shroff and Naidu.

Even affording Leichner's complaint a liberal construction, it flatly does not show liability on the part of Dr. Partida, Edenfield, or the national BOP Director. Leichner's claims against Edenfield and the BOP Director sound most in *respondeat superior*. Leichner seems to allege that the physician defendants, acting in the course and scope of employment, were

negligent and therefore their employers are subject to liability. But as mentioned, Drs. Shroff and Naidu are not federal employees. And Leichner does not allege that Dr. Partida failed to conform to a particular standard of care, or that Dr. Partida caused any injury or damages Leichner that claims.[2]

Without a violation of local law by the employee, the employer in a *respondeat superior* claim faces no liability. *See Johnson v. Sawyer*, 47 F.3d 716, 730 (5th Cir. 1995) ("A private employer is not liable under local law if the complained of conduct of his employee, though within the scope of employment, is not tortious under local law."). It is not enough to allege that a violation of a duty created by a federal statute—though not a tort under local law—suffices for FTCA liability simply because Texas follows the doctrine of *respondeat superior*. *Johnson*, 47 F.3d at 730.

Simply put, Leichner does not allege that that Dr. Partida, Edenfield, or the BOP Director committed a violation of local law necessary to support an FTCA claim. Drs. Shroff and Naidu, as private contractors, cannot be the basis of Leichner's FTCA claim. Because it has no arguable basis in law, Leichner's FTCA claim must be dismissed. *See Ruiz v. United States*, 160 F.3d 273, 274–75 (5th Cr. 1998).

### B. *Bivens*

The Eighth Amendment prohibition against cruel and unusual punishment forbids prison officials from acting with deliberate indifference to the serious medical needs of prisoners. *Wilson v. Seiter*, 501 U.S. 294, 297 (1991); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Bivens*, 403 U.S. 388.

Federal officers acting in pursuit of their official duties are protected by sovereign

---

[2] *See Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003) (noting the elements of a medical malpractice action in Texas)

-4-

immunity. *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 380 (5th Cir. 1987). Additionally, a federal official is entitled to qualified immunity unless the allegations in the complaint show a violation of a constitutional right that was clearly established at the time of the defendant's alleged misconduct. *Gentilello v. Rege*, 627 F.3d 540, 544 (5th Cir. 2010) (citation omitted). "The qualified immunity standard gives ample room for mistaken judgments by protecting all but the plainly incompetent or those who knowingly violate the law." *Hunter v. Bryant*, 502 U.S. 224, 229 (1991) (quotations omitted). To overcome qualified immunity and prove deliberate indifference, the plaintiff must show that defendants were aware of "and disregard[ed] an excessive risk to [his] health or safety." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (internal quotation marks and citation omitted).

"Deliberate indifference is an extremely high standard to meet." *Horn v. Vaughan*, 469 F. App'x 360, 363 (5th Cir. 2012) (per curiam) (unpublished) (citation and internal quotation marks omitted). The "official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Easter*, 467 F.3d at 463 (internal quotation marks and citation omitted). If the risk is obvious, however, the court may infer knowledge. *Id.*

An allegation "that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment." *Hall v. Thomas*, 190 F.3d 693, 697 (5th Cir. 1999) (citing *Estelle*, 429 U.S. at 105). "Nor does mere negligence, neglect or medical malpractice.'" *Varnado v. Lynaugh*, 920 F.2d 320, 321 (5th Cir. 1991)[3] (citing *Fielder v. Bosshard*, 590 F.2d 105, 107 (5th Cir. 1979)) (internal quotations marks omitted); *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999) (While inadequate

---

[3] For purposes of qualified immunity, *Bivens* actions and § 1983 actions are treated the same. *Wilson v. Layne*, 526 U.S. 603, 609 (1982).

treatment "may, at a certain point, rise to the level of a constitutional violation, malpractice or negligent care does not."). Even gross negligence does not constitute deliberate indifference. *Lewis v. Evans,* 440 F.App'x 263, 265 (5th Cir. 2011) (unpublished) (citing *Hernandez v. Tex. Dep't of Prof. & Rev. Servs.,* 380 F.3d 872, 882 (5th Cir. 2004)).

Leichner fails to show that any defendant violated his constitutional rights. Even assuming, *arguendo*, that the two doctors with whom Leichner has a dispute, Drs. Shroff and Naidu, are employees acting under color of federal law, Leichner fails to show that either's conduct rose near the level of deliberate indifference. Leichner's allegations are even barer against Dr. Partida. And as noted, Leichner's complaint is fully devoid of facts showing liability on the part of Edenfield or the BOP Director. Certainly, Leichner has shown no deliberate indifference from Dr. Partida, Edenfield, or the BOP Director.

It was the defendants who discovered a potentially worrying condition at a health examination. Leichner's complaint and questionnaire show that the defendants from then on pursued further evaluations and procedures for Leichner. At best, Leichner tells a story with whose outcome he is dissatisfied. His claim that he wanted a bypass but instead was given a stent does not rise to the level of a constitutional violation. As such, Leichner's *Bivens* claim must be dismissed.

### III. CONCLUSION

Based on the foregoing, it is **ORDERED** that Leichner's FTCA and *Bivens* claims against all defendants are **DISMISSED AS FRIVOLOUS**. All motions not previously ruled upon are **DENIED**.

This dismissal shall count as a qualifying dismissal under 28 U.S.C. § 1915(g) and *Adepegba v. Hammons,* 103 F.3d 383 (5th Cir. 1996). Dismissal of this action does not release

Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed. *See Williams v. Roberts*, 116 F.3d 1126, 1128 (5th Cir. 1997). A copy of this order shall be sent by first class mail to all parties appearing *pro se* and to any attorney of record by first class mail or electronic notification.

**SO ORDERED.**

Dated this 24th day of October, 2014.

_____
E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**